UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nevena Tsevetanova Vrachovska,

    Plaintiff,

v.                                                                Case No. 18-13573

Beacoz L.L.C d/b/a 8 Degrees Plato              Sean F. Cox
Beer Company,                                           United States District Court Judge

    Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 12).

This is a copyright infringement case. A photographer claims that a beer company copied one of her works to use on its website. The beer company has moved to dismiss.[1] For the reasons below, the Court will deny the motion to dismiss.

## BACKGROUND

Plaintiff Nevena Vrachovska is a professional photographer. Compl. ¶ 2. In 2009, Vrachovska photographed the statute of the philosopher Plato that sits outside the Academy of Athens in Greece. (ECF No. 11-1, PageID 48). On October 30, 2014, Vrachovska registered this photograph with the Register of Copyrights. *Id.* At all times relevant to this action, the photograph was available to the public, for purchase, on www.alamy.com. Compl. ¶ 19.

Defendant Beacoz L.L.C., d/b/a/ 8 Degrees Plato Beer Company is a company that sells beer

---

[1] Because the Court concludes that oral argument will not aid the decisional process, the Court will decide the motion on the parties' briefing. Local Rule 7.1(f)(2).

and offers private beverage catering, beer consulting services, and keg deliveries. *Id.* at ¶ 3. On May 31, 2017, 8 Degrees Plato posted an article on its website, explaining the meaning of the phrase "degrees Plato." (ECF No. 11-2, PageID 50). Above this article, 8 Degrees Plato included a photograph of the Plato statute. *Id*.

On November 16, 2018, Vrachovska filed a one-count complaint against 8 Degrees Plato, alleging that it had "copied" her photograph, without permission, and that her photograph and the one used by 8 Degrees Plato were "identical in all respects." *Id*. at ¶ 15-17; 20-21. On January 16, 2019, 8 Degrees Plato moved to dismiss the complaint. (ECF No. 8). Thereafter, Vrachovska filed an amended complaint. (ECF No. 11). 8 Degrees Plato now moves to dismiss the amended complaint. (ECF No. 12).

## ANALYSIS

### I. Applicable Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. To survive, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although the court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678.

"Copyright infringement...lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. Therefore, greater particularity in pleading, through showing 'plausible grounds', is required." *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 Fed.App'x 509, 512 (6th Cir. 2008). Showing plausible grounds means pleading "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [copyright infringement]." *Id.* (internal citation omitted).

## II. Copyright Infringement

Vrachovska has pleaded one count of copyright infringement against 8 Degrees Plato. "The elements of a copyright-infringement claim are (1) ownership of the copyright by the plaintiff and (2) copying by the defendant." *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007). Because direct evidence of copying is rare, a plaintiff may establish "an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Kohus v. Mariol*, 328 F.3d 848, 854 (6th Cir.2003) (citation and quotation omitted). "[T]he relationship between the degree of proof required for similarity and access may be inversely proportional: where the similarity between the two works is strong, less compelling proof of access may suffice." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004).

The inverse relationship between access and similarity even extends to cases where a

plaintiff fails to adequately allege access. If a plaintiff does not allege sufficient facts to establish access, a copyright infringement claim can proceed if the plaintiff pleads facts "showing a high degree of similarity between the two works." *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009). The similarity must be "striking." *Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009). Striking similarity "preclude[s] the possibility of independent creation." *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004) (internal citations omitted). To be sure, "even in a striking similarity case, '[a]bsent copying, there can be no infringement.'" *Id.* (quoting *Mazer v. Stein*, 347 U.S. 201, 218 (1954)). Yet, "striking similarity carries the burdens of proof that the infringing work is sufficiently similar as to intrude into the copyrighted work's protection and that the defendant must have had access to the copyrighted work, even if the plaintiff can provide no extrinsic proof of that fact." *Id.*

The parties do not dispute that Vrachovska has satisfied the ownership element of her copyright infringement claim by attaching her certificate of registration to the complaint. (ECF No. 11-1).

8 Degrees Plato argues that Vrachovska has failed to sufficiently plead either access or substantial similarity. 8 Degrees Plato contends that Vrachovska has pleaded only the "bare possibility" of access because she failed to plead any facts showing that 8 Degrees Plato "visited a specific website and accessed the photograph." 8 Degrees Plato also argues that Vrachovska has not specified which elements of her photograph are original and protectible, and has not explained how those elements were infringed upon by the photo posted on its website. In response, Vrachovska argues that she sufficiently alleged that the photograph was widely disseminated and, even if she did not establish access, the works are strikingly similar.

4

"Access is proven when the plaintiff shows that the defendant had an opportunity to view or to copy plaintiff's work." *Murray Hill*, 361 F.3d at 316. "Access may not be inferred through mere speculation or conjecture. There must be a reasonable possibility of viewing the plaintiff's work—not a bare possibility." 4 Nimmer on Copyright, § 13.02[A], at 13-21; *see also Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999).

Vrachovska alleged that 8 Degrees Plato "viewed or had a reasonable opportunity to view" the photograph because it was "available to for purchase at www.alamy.com, a website accessible to the public." Compl. ¶ 19. Courts in this district have suggested that, standing alone, availability on a website constitutes "nothing more than a bare possibility" that an alleged infringer had access to the copyrighted work. *Design Basics v. DeShano Companies, Inc.*, 2012 WL 4321313 at * 13 (E.D. Mich. 2012). Other courts have concluded that online availability is "certainly a reasonable possibility of access." *See Schenck v. Orosz*, 2016 WL 912281 at *6 (M.D. Tenn. 2016) ("[A] jury would not be 'required to make an implausible leap' to find that the defendants discovered and had access to the plaintiffs' designs via that website.") (citing *Smith v. Blige*, 558 F.3d 485, 492-493 (6th Cir. 2009)).

Thus, it is not clear that Vrachovska has pleaded sufficient facts to establish that 8 Degrees Plato had access to the photograph. However, even assuming that she did not adequately plead access, her complaint certainly demonstrates that there is a striking resemblance between her photograph and the photograph posted on 8 Degrees Plato's website. In fact, to describe the photographs as "strikingly similar" is likely an understatement—they are seemingly identical in every respect. *Compare* Compl. ¶ 10 *with* Compl. Ex. 2 (ECF No. 11-2). Although Varachovska does not specifically identify protectible elements, "the requisite level of creativity is extremely low;

even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Murray Hill*, 361 F.3d at 318 (internal citations omitted). "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Rogers v. Koons*, 960 F.2d 301, 307 (2nd Cir. 1992) (citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60 (1884)). As alleged in the complaint, 8 Degrees Plato appears to have merely taken Vrachovska's photograph and zoomed in on the statute's head and shoulders. This alleged action surely implicates protectible elements of the copyrighted work. Because of the striking similarity between the works, Vrachovska has met her burden as to both access and similarity. *Murray Hill,* 361 F.3d at 317. Her copyright claim may proceed.

## CONCLUSION

Because Vrachovska has sufficiently pleaded that her copyrighted photograph is strikingly similar to the photograph used by 8 Degrees Plato, there is a reasonable expectation that discovery will reveal evidence of copyright infringement. *Nat'l Bus. Dev. Servs., Inc.* 299 Fed.App'x at 512. Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's amended complaint.

**IT IS SO ORDERED**.

Dated: May 28, 2019                              s/ Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge